UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| GLORIA ROSSITER, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> MRS BPO, LLC, <br><br> Defendant. | Case No.: 17-cv-431 <br><br> **CLASS ACTION COMPLAINT** <br><br> **Jury Trial Demanded** |

# INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA").

# JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331, and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

# PARTIES

3. Plaintiff Gloria Rossiter is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from her a debt allegedly incurred for personal, family or household purposes, specifically, a personal cell phone debt.

5. Defendant MRS BPO, LLC ("MRS") is a foreign corporation with its principal place of business located at 1930 Olney Ave., Cherry Hill, New Jersey 08003.

6. MRS is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. MRS is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. MRS is a debt collector as defined in 15 U.S.C. § 1692a.

**FACTS**

8. On or about March 13, 2017, MRS mailed a debt collection letter to Plaintiff. A copy of this letter is attached to this complaint as Exhibit A.

9. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

10. Exhibit A refers to an alleged credit card account, allegedly owed to "CHASE BANK USA N.A." ("Chase") and used only for personal, family or household purposes.

11. Exhibit A contains confusing and misleading statements regarding the consequences of paying or settling the debt.

12. Exhibit A includes the following text:

> Dear GLORIA J ROSSITER,
>
> We recognize that a possible hardship or pitfall may have prevented you from satisfying your obligation. We are presenting three options that will enable you to avoid further collection activity being taken against you. We are not obligated to renew this offer.
>
> Option 1: You pay only $3,367.78 in ONE PAYMENT that must be received in this office on or before 03/28/2017.
>
> Option 2: You make TWO PAYMENTS of $2,143.13 each. The first payment must be received in this office on or before 03/28/2017 and the second payment on or before 04/27/2017.
>
> Option 3: A monthly payment plan on the full balance of the account.
>
> Payment may be made by calling 877-851-1451, mailing to the above address or by using our online payment website at https://mrspay.webview.com (internet connection required). If you have any questions or wish to discuss other arrangements, you may contact us.
>
> When you call please let our representative know that you have received the CHASE BANK USA N.A. Option Letter.

Exhibit A.

13. Exhibit A only addresses the status of the consumer's account with MRS.

14. Exhibit A states that the "options" presented "will enable you to avoid further collection activity being taken against you."

2

15. As Exhibit A is unclear whether payment of the amounts listed in "Option 1" or "Option 2" would actually settle the account in full with MRS and Chase, or if it would only stop "further collection activity" by the debt collector, MRS.

16. MRS does not have an ownership interest in the alleged debt. It is collecting on behalf of Chase.

17. Upon information and belief, the relationship between MRS and Chase is a non-agent, independent contractor relationship. MRS is a sizable player in the debt collection market and is not affiliated with Chase beyond debt collection. Chase does not exercise the type of control over MRS that would establish an agency relationship.

18. Under a reasonable interpretation of Exhibit A, payment of the amounts listed in "Option 1" or "Option 2" would result in MRS closing its account and returning the remaining balance to Chase, which would be within its rights to continue its own collection efforts, or to hire another collection agency, or to sell the remaining balance to a debt buyer.

19. MRS has misrepresented the "character, amount or legal status" of the debt – namely, ownership of the alleged debt. 15 U.S.C. § 1692e(2)(a).

20. Plaintiff was confused by Exhibit A.

21. Plaintiff had to spend time and money investigating Exhibit A, and the consequences of any potential responses to Exhibit A.

22. Plaintiff had to take time to obtain and meet with counsel, including traveling to counsel's office by car and its related expenses, including but not limited to the cost of gasoline and mileage, to advise Plaintiff on the consequences of Exhibit A.

23. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Quinn v. Specialized Loan*

3

Case 2:17-cv-00431-PP   Filed 03/24/17   Page 3 of 7   Document 1

*Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

24. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

25. 15 U.S.C. § 1692e generally prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

4

26. 15 U.S.C. § 1692e(2)(a) specifically prohibits the "false representation of the character, amount, or legal status" of an alleged debt.

27. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

## COUNT I – FDCPA

28. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

29. Exhibit A is confusing and would mislead the unsophisticated consumer as to the status of the remaining balance after a payment is made pursuant to "Option 1" or "Option 2."

30. Exhibit A only indicates that payment of the amount would "avoid further collection activity being taken against you."

31. MRS is an independent contractor and cannot bind Chase to a settlement offer without Chase's express consent.

32. It is facially unclear whether an "Option 1" or "Option 2" payment would actually resolve the entire balance of the alleged debt, or would only result in the remaining portion of the debt being returned to Chase and placed with another debt collector or sold to a debt buyer.

33. Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(a) and 1692e(10).

## CLASS ALLEGATIONS

34. Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter by MRS in the form of Exhibit A to the complaint in this action (c) seeking to collect a debt incurred or allegedly incurred for personal, family or household purposes, (d) between March 24, 2016, and March 24, 2017, inclusive (e) that was not returned by the postal service.

5

35. The Class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the Class.

36. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether Exhibit A violates the FDCPA.

37. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

38. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

39. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

40. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: March 24, 2017.

**ADEMI & O'REILLY, LLP**

By: /s/ John D. Blythin
Shpetim Ademi (SBN 1026973)
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)

6

Denise L. Morris (SBN 1097911)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com
jblythin@ademilaw.com
meldridge@ademilaw.com
dmorris@ademilaw.com